RECEIVED SEP 27 2005

**Frank and Stacy Ouellette**
**31148 142nd Street NW**
**Princeton, MN 55371**

September 22, 2005

The Honorable Judge Doty
United States Courthouse
600 U.S. Courthouse
300 South Fourth Street
Minneapolis 55415

RE: Case Number 00-169(1 & 2) (DSD/ESS)

Dear Judge Doty,

We are writing you today because once again, we need your help with regard to the above entitled case. We are doing everything within our ability to satisfy our obligation of restitution due and owing despite the obstruction of the prosecuting attorney and the Justice Department's actions and inactions. Sometime ago (approximately November 2004), we attempted to refinance our homestead in Big Lake, Minnesota due to the fact that we had two mortgages on the home and the second mortgage came due in full. (You had ordered forfeiture on the house in this case). We were in a position where we either had to pay off the second mortgage in its entirety or refinance. We were not and still are not in a position to pay off that mortgage in full. In our attempt to refinance both mortgages and combine them as one, we needed the government's approval and their agreement to allow subordination. Due to the fact that we have the felony on our record and credit problems from the prison sentence, our interest rate and closing costs were going to be extremely high which meant very little, if any, equity in the home that could go towards restitution. In contacting the prosecuting attorney's office to request them to allow us to refinance, we were told that the U.S. Government and their offices were "absolutely not interested in allowing us to refinance because there was no equity in the home" for my grandmother. When explaining to them that we were in a position where we either refinance the home or lose it, we were told once again that they were "not interested".

Unable to come up with one lump sum to pay off the second mortgage, we saw no other way out and the house is now in foreclosure. The Sheriff's sale occurred approximately May 5 or there about.. We lose all possession of the house on November 4, 2005. In an effort to get something out of the house strictly for restitution and to save our credit from further damage, we put the house up for sale. In the area of the house there are 76 others like it for sale. This is driving the price down. Assuming that it can be sold before November 4, there will be some funds available for restitution. Our fear however is the we will once again stumble upon some foot dragging and obstruction by the prosecuting attorney and the Justice Department. This is where we would appreciate your help.

SCANNED
OCT 0 - 2005
U.S. DISTRICT COURT MPLS

FILED OCT 6 2005
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

If you remember the case, restitution was awarded to Grandma (Lavina Strouckel). Unfortunately, Grandma has passed away in April of this year. A settlement has been reached between Lavina's son, William Strouckel (Stacy's father) and us and a Settlement Agreement has been signed. Once again contacting the prosecuting attorney's office to inform them of the settlement did us absolutely no good. We were told by the prosecuting attorney that there would "never be a settlement reached in this case". So you can now see the problems we face. There are interested buyers in the home in Big Lake but we are being completely stonewalled in our attempts. It seems to us that any funds that we are able to generate are better than none.

This is where you come in. Is it possible and would you be willing to draft an order that would allow us to sell that house in Big Lake with the condition that all net proceeds, after paying the debts on the house and selling expenses, go towards restitution? This would require the Government lifting the lien that they have on it or allowing the closing to occur with the same understanding. Our fear again is the small window of opportunity we have because of the short amount time left before we lose the house. We also fear that Mr. Cheavers' refusal to allow us to do anything, even when it would benefit Grandma or now Stacy's dad, will not change.

Our second request is that Mr. Cheavers and his office be informed that this matter has been settled between the parties. Honestly, it would be much easier for us to simply let the house go back to the bank but we are trying to do everything within our abilities to have a favorable outcome for all involved. It has been over four years now since this case when to court and there are times when it feels like we will never recover.

On a side note, despite your order stating that credits from the sale of the personal property should be applied toward the restitution owed, the IRS has refused to do so. Additionally, they continue to state that we owe them over $220,000 in income tax. So you can see this candle is burning at both ends and we are in the middle. We try to hold on but sometimes it is very overwhelming. Stacy is now off of probation and I have one month left. We have met all of our obligations you set forth for probation. As a matter of fact, Mark Mills, our probation officer has told us that if all of his cases were people like us, he could work from home.

We respectfully look forward to your quick response as time is in short supply now and is extremely important.

Sincerely,

[signature] [signature]

Frank Ouellette and Stacy Ouellette

cc: Mark Mills

Note: on 9/24/05 A offer was accepted on The home.

Thank you for your Time.